■ In the Matter of the Probate of the Will of Lillian Josephson, Deceased. Frederick Josephson, Appellant; Louis P. Jacobs et al., Respondents.— In a contested probate proceeding, the appeal is from a decree of the Surrogate's Court, Queens County, admitting the will to probate. Decree unanimously affirmed, with one bill of costs to respondents, payable out of the estate. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of Marjorie Losee, Respondent, against Edward Luty, Appellant.— In a filiation proceeding under article VIII of the Domestic Relations Law, the appeal is from an order of the Children's Court, Dutchess County, adjudging appellant to be the father of a child born to the respondent, and directing appellant to pay the expenses of confinement and for the support, maintenance and education of the child. Order unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ In the Matter of Aaron Srulevitch, Respondent, against Leon Friedman, Judgment Debtor. Johanna Friedman, Appellant.— In proceedings supplementary to judgment, third-party orders were made which, inter alia, restrained any disposition of funds on deposit in two banks in appellant's name. The appeal is from an order which, inter alia, (1) denied appellant's motion to vacate the third-party orders and (2) authorized respondent to maintain an action pursuant to section 795 of the Civil Practice Act. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ In the Matter of Wallace Taub, Appellant. Shirley Taub, Respondent.— Appeal from an order dismissing a writ of habeas corpus and denying appellant visitation "for the present". Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Arbitration between Zephyr Construction Co., Inc., Appellant, and Boro Hall Corp., Respondent.— Appellant, allegedly in accordance with a contract between the parties, moved for an order, pursuant to section 1450 of the Civil Practice Act, to direct respondent to proceed to an arbitration of certain disputes between them in accordance with the rules of the American Arbitration Association. Respondent, among other things, asserted that it had not refused to arbitrate but that, under the applicable provisions of the contract, the arbitration was to proceed before three arbitrators, one to be selected by each of the parties and the third to be selected by the other two so chosen. The Special Term held that a hearing was required, since an issue of fact existed as to whether or not respondent had refused to arbitrate and ordered a jury trial " (1) as to each dispute between the parties, before which body of arbitrators named in the contract, such dispute must be resolved, and (2) whether as to each dispute respondent, refused to proceed before the appropriate body of arbitrators". The appeal is from that order. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.